UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 10-44-DLB-CJS

BOBBY DAVID BROCKMAN                                                            PETITIONER

v.                    **REPORT AND RECOMMENDATION**

**STEVE HANEY, WARDEN**
**Northpoint Training Center**                                                  RESPONDENT

\* \* \* \* \* \*

Petitioner Bobby David Brockman, an inmate currently incarcerated in the Northpoint Training Center in Burgin, Kentucky, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, the matter has been referred to the undersigned for initial consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Having reviewed Petitioner's filing and finding its presentation to be untimely, it is herein recommended that Brockman's Petition be **denied.**

**I.     Preliminary Review**

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for a federal district court to conduct a preliminary review prior to serving a respondent with a copy of a petition and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Because this Court's preliminary

review reveals that Brockman's Petition is time-barred, Rule 4 mandates that the Petition be dismissed without requiring a formal response.[1]

## II. Applicable Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances. The one which is applicable here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where, as here, a federal habeas petitioner enters a guilty plea in the state court criminal proceeding, his conviction becomes final on the date the state trial court enters its judgment on the guilty plea. This is because Kentucky does not allow for a direct appeal from a guilty plea. *See White v. Sowders*, 644 F.2d 1177, 1179 (6th Cir. 1980); *Arnold v. Motley*, No. 06-P204-C, 2009 WL 3064879, at *6 (W.D. Ky. Sept. 22, 2009).

In this case, Petitioner Brockman entered a plea of guilty on May 24, 2005, in the Russell Circuit Court. On August 23, 2005, that court entered judgment on the guilty plea and sentenced Petitioner to twenty-five years in prison. (R.1, at 1). Therefore, Petitioner's conviction became final on August 23, 2005, and the statute of limitations on any federal habeas petition commenced running

---

[1] District courts are permitted to consider *sua sponte* the timeliness of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition. *See Day v. McDonough*, 547 U.S. 198 (2006). It is unclear whether notice is required for Rule 4 "screening" dismissals, but the issue need not be decided given that this Report and Recommendation provides the requisite notice and allows for objections. *See Yeager v. Hudson*, No. 3:07-cv-131, 2008 WL 818788, at *10 (N.D. Ohio Mar. 24, 2008) (noting that the petitioner received notice of the petition's untimeliness through the magistrate's report and recommendation, and had the opportunity to be heard regarding objections to the recommendation).

as of that date. *See White,* 644 F.2d at 1179. Accordingly, Petitioner had until August 23, 2006, to timely file his federal habeas petition. However, Petitioner did not file his Petition until March 5, 2010. Therefore, because the statute of limitations expired on August 23, 2006, the Petition is time-barred. *See Lawrence v. Florida*, 549 U.S. 327, 330-31 (2007) (noting that upon expiration of the one-year limitations period, a federal petition can no longer be considered).

Furthermore, Petitioner is not entitled to tolling under 28 U.S.C. § 2244(d)(2). This section provides that the one-year period of limitations may be tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). By his own admission, Petitioner waited more than two years after his state conviction became final before seeking post-conviction relief in state court (*see* R. 1-1, at 2-3); Petitioner filed his state post-conviction motion pursuant to Kentucky Rule of Criminal Procedure 11.42 in December 2007. Although § 2244(d)(2) allows for tolling of the federal statute of limitations while an application for state collateral review is pending, Brockman's federal statute of limitations had already expired well before his December 2007 filing seeking post-conviction relief.

Nor is there any basis for equitable tolling of the statute of limitations in this case, to the extent that Petitioner may seek it. The Sixth Circuit requires courts to determine the propriety of equitable tolling on a case-by-case basis, based upon a review of five factors: (1) petitioner's lack of notice of the filing requirement; (2) petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). Here, Petitioner offers no grounds

whatsoever that could trigger the doctrine of equitable tolling, which doctrine is to be "sparingly" applied. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

### III.     Certificate of Appealability

One final matter deserves comment. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a defendant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is further recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

IV. **Conclusion and Recommendation**

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) the Petition for Writ of Habeas Corpus (R. 1) be **denied;**

(2) this case be dismissed and stricken from the Court's docket without the necessity of requiring Respondent to file a written response; and,

(3) a Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter.

**OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 10th day of June, 2010.

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\2254PrelimsSOL\10-44-dlb2.wpd